1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10               SAN JOSE DIVISION

11

REALTY INVESTMENT GROUP; MSB              Case No.  5:14-cv-04586 HRL
HOMES LLC; VINCENT LUONG; INDER
BHANDAL; JAGROOP BHANDAL,                 **ORDER THAT CASE BE REASSIGNED
                                          TO A DISTRICT JUDGE**
            Plaintiffs,
                                          **ORDER GRANTING IFP
      v.                                  APPLICATION**

                                          **REPORT AND RECOMMENDATION
THUY THU PHAM and DOES 1-20,              RE REMAND TO STATE COURT**

            Defendants.

18          Jose Ramirez removed this unlawful detainer action from the Santa Clara County Superior

19   Court. [1]  He also seeks leave to proceed in forma pauperis (IFP).  For the reasons stated below, the

20   undersigned grants the IFP application, but nonetheless recommends that this matter be remanded

21   to state court.

22          A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the

23   court is satisfied that the applicant cannot pay the requisite filing fees.  28 U.S.C § 1915(a)(1).  In

24   evaluating such an application, the court should "gran[t] or den[y] IFP status based on the

25   applicant's financial resources alone and then independently determin[e] whether to dismiss the

26   complaint on the grounds that it is frivolous."  Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5

27   _____

28   [1] Although he is not named in the complaint, the record indicates that Ramirez is a renter on the
     property in question.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it

2   determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

3   may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

4   relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Ramirez qualifies financially for IFP status, and his IFP

5   application therefore is granted. Even so, he may not proceed in this court because there is no

6   federal subject matter jurisdiction over this matter.

7          Removal to federal court is proper where the federal court would have original subject

8   matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly

9   construed against removal and place the burden on the defendant to demonstrate that removal is

10  proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus

11  v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to

12  determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be

13  remanded to the state court if it appears at any time before final judgment that the court lacks

14  subject matter jurisdiction. 28 U.S.C. § 1447(c).

15         Ramirez fails to show that removal is proper based on any federal law. Federal courts have

16  original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the

17  United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-

18  pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank,

19  129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not

20  satisfy this requirement. Id. Here, plaintiffs' complaint presents a claim arising only under state

21  law. It does not allege any federal claims whatsoever. Allegations in a removal notice or in a

22  response to the complaint cannot provide this court with federal question jurisdiction.

23         Nor does this court find any basis for diversity jurisdiction. Federal district courts have

24  jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of

25  $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C.

26  §1332. Ramirez fails to identify the citizenship of each party, although he seems to suggest that

27  the parties may be citizens of different states or countries. (Dkt. 1-1). But, this is of no import

28

2

because the complaint indicates that the amount in controversy does not exceed $25,000 anyway. Moreover, unlawful detainer actions involve the right to possession alone, not title to the property. So, the fact that the subject property may be worth more than $75,000 is irrelevant.  MOAB Investment Group, LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012).

There being no basis for federal jurisdiction over plaintiffs' unlawful detainer action, the removal of this case was improper.  Ramirez is advised that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court.  Any party may serve and file objections to this Report and Recommendation within fourteen days after being served.  Fed. R. Civ. P. 72.

Dated:   October 15, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1   5:14-cv-04586-HRL Notice has been electronically mailed to:

2   Kirkman Jan Hoffman      kirk@kirkhoffman.com

3

4

5   5:14-cv-04586-HRL A copy of this order sent by U.S. Mail to:

6

7   Jose Ramirez
    10822 Barrington Bridge Court
    Cupertino, CA 95014

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    4